

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,232-01

**EX PARTE CLINTON RAY IVY, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F43633-A IN THE 413TH DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion.

## O R D E R

Applicant was convicted of continuous sexual abuse of a young child and sentenced to fifty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Ivy v. State*, No. 14-10-00028-CR (Tex. App. — Houston [14th Dist.] March 17, 2011) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he failed to request a jury instruction on the voluntariness of Applicant's statement pursuant to Article 38.22, §6 of the Texas Code of Criminal Procedure, and failed to object that the jury charge given misstated the burden of proof for determining the voluntariness of Applicant's statement. Applicant also alleges that

appellate counsel was ineffective for failing to raise these jury charge issues on direct appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:    November 09, 2022
Do not publish